UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD W. REICHENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1551 TCM |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

BRIEF IN SUPPORT OF THE ANSWER

Summary of Defendant's Brief

Plaintiff, a 49-year-old man with a 12th grade education and past work as a printing pressman, filed applications for disability insurance benefits and supplemental security income based primarily on heart problems, bladder cancer, and chronic obstructive pulmonary disorder (COPD). An administrative law judge (ALJ) considered Plaintiff's claims and concluded that his allegations of disabling symptoms were not credible based on the objective medical evidence, his search for work during the alleged period of disability, his noncompliance with treatment recommendations, and his activities of daily living. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform the full range of work at the medium level of exertion. Although Plaintiff argues that his impairments made it impossible for him to perform the full range of medium work, substantial evidence supports the ALJ's finding that with this residual functional capacity, Plaintiff could perform his past relevant work. Moreover, since the ALJ did not find Plaintiff disabled, he was not required to consider Plaintiff's alcoholism under 20 C.F.R. §§ 404.1535 and 416.935. The ALJ's determination is supported by substantial evidence, and should be affirmed.

<u>Nature of Action and Prior Proceedings</u>

This suit involves two applications made under the Social Security Act (Act). The first is an application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 <u>et seq.</u> (Tr. 102-05). The second is an application for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 <u>et seq.</u> (Tr. 106-09). Sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), provide for judicial review of a "final decision" of the Commissioner of the Social Security Administration (SSA). Plaintiff's claims were denied initially (Tr. 39-47).[1] On February 18, 2010, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act (Tr. 8-17).

After careful consideration of the entire record, the ALJ found that Plaintiff had the following severe impairments: chronic liver disease with cirrhosis and chronic alcohol abuse, atrial fibrillation, cardiomyopathy, thrombocytopenia, and COPD (Tr. 10-13). However, the ALJ found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 13). The ALJ determined that Plaintiff retained the RFC to perform the full range of work at the medium level of exertion (Tr. 13-16). The ALJ found that Plaintiff's impairments would not preclude him from performing his former work as a printing pressman (Tr. 16). Consequently, the ALJ found that Plaintiff was not disabled (Tr. 17).

On July 13, 2011, SSA's Appeals Council denied Plaintiff's request for review (Tr. 1-4). Thus, the ALJ's decision stands as the final decision of the Commissioner.

_____

[1] Missouri is one of several test states participating in modifications to the disability determination procedures, which eliminate the reconsideration step in the administrative appeals process. <u>See</u> 20 C.F.R. §§ 404.906, 404.966, 416.1406, 416.1466. Plaintiff's appeal in this case proceeded directly from the initial denial to the ALJ level.

## Statement of Facts

Plaintiff filed his applications for disability insurance benefits under Title II, and for SSI under Title XVI, on June 12, 2008 (Tr. 102-105, 106-09).  He stated that he was born in 1960, and alleged that he became disabled beginning July 17, 2007 (Tr. 102, 106).  In his Disability Report, he alleged disability due to "irregular heart beat, copd [chronic obstructive pulmonary disease], hbp [high blood pressure], [and] loss of energy due to medical problems" (Tr. 132).  Defendant adopts the facts as set forth by the ALJ regarding Plaintiff's medical treatment and vocational history (Tr. 8-17).  A more specific analysis of the facts is incorporated into the Argument below.

## Statement of the Issues

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.  The specific issues in this case are whether substantial evidence supports the ALJ's finding that Plaintiff remained capable of performing the full range of work at the medium level of exertion, and whether the ALJ erred with respect to the drug addiction and alcoholism analysis (DA&A).

## Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole.  See Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).  Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion.  See Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008).  Evidence that both supports and detracts from the Commissioner's decision should be

3

considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.  See Finch, 547 F.3d at 935.

A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance.  Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011); see McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome").  The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions of the Social Security Administration."  Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010), quoting Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

## Argument

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 423(d).  The Supreme Court in Barnhart v. Walton, 535 U.S. 212 (2002), upheld the Commissioner's interpretation of this statutory definition, which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months.  Plaintiff has not met this burden.

I.      Substantial Evidence Supports the ALJ's Finding That Despite Plaintiff's Impairments, He Remained Able to Perform the Full Range of Work at the Medium Level of Exertion, and That This Did Not Preclude Him From Performing His Past Relevant Work as a Printing Pressman.

Plaintiff argues that the ALJ erred in formulating his residual functional capacity and that this error resulted in the ALJ's finding that he could perform his past relevant work as a printing pressman. See Pl. Br. at 7-11. He specifically contends that the ALJ improperly ignored the opinion of the State Agency non-examining physician. See id. at 10-11. He also contends that the ALJ failed to make a function-by-function analysis of the demands of his past work and then compare those demands with his residual functional capacity. See id. at 8-9. The ALJ's decision, however, demonstrates that she properly considered all the evidence of the record in light of the Commissioner's regulations and Eighth Circuit precedent.

A claimant's residual functional capacity is the most that the claimant can still do after considering the effects of all of his impairments upon his ability to perform work related tasks. See 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling (SSR) 96-8p. It is the claimant's burden to prove residual functional capacity. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). It is the primary responsibility of the ALJ to assess the claimant's residual functional capacity based on all relevant evidence. See Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000), citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). Such evidence includes the medical records, the observations of treating physicians and others, and the claimant's own description of his limitations. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000), citing Anderson, 51 F.3d at 779; see also Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir. 2000). In this case, the ALJ properly concluded that there was no substantial evidence to support a finding that Plaintiff was as limited as he claims.

### A. Credibility of Subjective Complaints

Plaintiff claims that his subjective complaints were credible and the ALJ should have given them greater consideration.  <u>See</u> Pl. Br. at 13-14.  For the reasons discussed below, there is no merit to this contention.

The credibility analysis is an integral element of the ALJ's formulation of the claimant's residual functional capacity.  The Eighth Circuit has noted that "[b]efore determining a claimant's [residual functional capacity], the ALJ first must evaluate the claimant's credibility."  <u>Pearsall</u>, 274 F.3d at 1218.  To analyze a claimant's subjective complaints of pain, the ALJ must consider the entire record, including the medical records; statements by the claimant and third-parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions.  <u>See</u> 20 C.F.R. §§ 404.1529, 416.929; <u>see also</u> <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984).  When the ALJ articulates the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints, and when the record supports those inconsistencies, the credibility determination should be affirmed.  <u>See</u> <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 590 (8th Cir. 2004) ("We will not substitute our opinion for that of the ALJ, who is in a better position to assess credibility.").  Credibility questions concerning a claimant's subjective testimony are "primarily for the ALJ to decide, not the courts."  <u>Baldwin v. Barnhart</u>, 349 F.3d 549, 558 (8th Cir. 2003).

First, the ALJ examined the objective medical evidence and found that it was not consistent with disability (Tr. 11-15).  When evaluating a claimant's subjective testimony, an ALJ is permitted to consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between a claimant's statements and the rest of the

evidence. See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The ALJ noted Plaintiff's

allegations that he could not work because of an enlarged heart, bladder cancer, and COPD (Tr.

13, 30). The record showed that after treatment more than a year before the ALJ hearing,

Plaintiff's bladder cancer was in remission (Tr. 11-13, 312-42). The ALJ also noted that

Plaintiff had been hospitalized at least five times since his alleged onset date for heart-related

complaints (Tr. 14). Nevertheless, on each occasion his complaints were treated and controlled

with medication (Tr. 14). His atrial fibrillation responded well to pacemaker implantation and,

in June 2009, Plaintiff reported on followup that he felt much better because of the pacemaker

(Tr. 13-14, 436, 468). Treatment, including medication and pacemaker implantation, controlled

his cardiomyopathy, congestive heart failure, and hypertension (Tr. 14). Apart from revealing a

history of myocardial infarction, a 2010 stress test was unremarkable (Tr. 14, 812-13).

Second, the ALJ noted the inconsistency between Plaintiff's allegations of disability and

his search for work, even through the date of the ALJ hearing (Tr. 15). Plaintiff's statements

that he was seeking work are inconsistent with disability and indicates that he did not view his

pain as disabling. See Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995); Barrett v. Shalala,

38 F.3d 1019, 1024 (8th Cir. 1994). Plaintiff testified that he had been looking for work on the

Internet (Tr. 15, 32-33, 468). He also testified that he was interviewing for jobs in his previous

occupation, printing, and that he felt he could do that work (Tr. 32-33). The ALJ properly relied

upon this evidence to find that Plaintiff could perform his past relevant work in that field (Tr. 15,

32-33).

Third, the ALJ considered the effect on Plaintiff's credibility of his chronic

noncompliance with treatment recommendations (Tr. 15). "A failure to follow a recommended

course of treatment also weighs against a claimant's credibility." Guilliams v. Barnhart, 393

F.3d 798, 802 (8th Cir. 2005), citing Gowell v. Apfel, 242 F.3d 793, 797 (8th Cir.2001). He did not always take his medications as prescribed, and indeed on occasion, he had stopped taking them altogether (Tr. 15, 367, 370). Despite Plaintiff's COPD, he ignored medical advice to stop smoking (Tr. 16, 191, 368, 438, 469, 682, 689, 694, 825). Of far greater significant to the ALJ, however, was Plaintiff's extensive history of alcohol abuse (Tr. 11-16, 177, 179, 190, 406, 438, 678, ). It was the immediate cause of his loss of his most recent job (Tr. 11, 15-16, 367). Moreover, Plaintiff's medical records indicated that his doctors attributed many of his severe physical impairments to his alcoholism (Tr. 16, 201, 364, 368). "[A]n ALJ may properly consider the claimant's . . . failing to take prescription medications, seek treatment, and quit smoking" (citations omitted). Choate v. Barnhart, 457 F.3d 865, 872 (8th Cir. 2006).

Finally, Plaintiff's daily activities did not show such severe functional limitations as would reasonably suggest to the ALJ that he was disabled (Tr. 15). "[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain." Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009). The ALJ noted that Plaintiff reported being able to do whatever was required of him, including meal preparation, cleaning the kitchen and the garage in which he lived, taking care of his personal needs, and going shopping (Tr. 14-16, 31-32, 34). For recreation, he drew, watched television, played video games, and went out socially (Tr. 14-16, 33, 155). Even though he did not have a driver's license, he continued to operate a motor vehicle (Tr. 13-15, 33-34, 468-69).

In conclusion, the ALJ's consideration of the subjective aspects of Plaintiff's complaints is consistent with the Commissioner's regulations at 20 C.F.R. §§ 404.1529 and 416.929, SSR 96-7p (61 Fed. Reg. 34483 (July 2, 1996)), and the framework set forth in Polaski. Because the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective

complaints, and because those inconsistencies are supported by the record, his credibility finding should be affirmed.  See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

### B. Opinions from Acceptable Medical Sources

Plaintiff claims that the ALJ erred by failing to comply with SSR 96-6p by ignoring the opinion of the State Agency non-examining physician and by failing to provide any reason for her obvious rejection of this evidence.  See Pl. Br. at 10-11.  The opinion to which Plaintiff refers is that of a "Single Decision-Maker (SDM)" employee of the State Agency (Tr. 432).  This individual is not a physician nor is she any other "acceptable medical source," as defined by 20 C.F.R. §§ 404.1513(a), 416.913(a).  It is legal error for an ALJ to give weight to an opinion of a lay person as being from a medical consultant.  See Dewey v. Astrue, 509 F.3d 447, 449 (8th Cir. 2007).

In conclusion, the ALJ properly considered Plaintiff's credibility and the administrative record as a whole in formulating his residual functional capacity determination.  This Court should affirm those findings.

### II.     The ALJ Did Not Commit Reversible Error with Respect to the DA&A Analysis.

Plaintiff argues that remand is necessary in this case because the ALJ did not properly analyze the effect of his drug addiction and alcoholism, as is required by 20 C.F.R. §§ 404.1535 and 416.935.  See Pl. Br. at 11-12.  When the ALJ finds a claimant disabled, and there is evidence to suggest drug and alcohol addiction, the ALJ must then consider whether such DA&A was a "contributing factor material to the determination of disability."  He claims that the ALJ improperly conducted this analysis without finding him disabled.  See id.

Plaintiff's contentions have no merit.  "The plain text of the relevant regulation requires the ALJ **first to determine whether [Plaintiff] is disabled**.  20 C.F.R. ' 404.1535(a) . . . The

ALJ **must reach this determination initially . . ., using the standard five-step approach** described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders " (citations and footnote omitted) (emphasis added). <u>Brueggemann v. Barnhart</u>, 348 F.3d 689, 694-95 (8th Cir. 2003).

As discussed in the previous argument, a careful reading of the ALJ's decision demonstrates that Plaintiff's alcohol abuse was relevant to consideration of his credibility and that the ALJ properly considered this evidence as one of several factors in determining Plaintiff's residual functional capacity. Having found that Plaintiff was not disabled at step four because his residual functional capacity did not preclude performance of his past relevant work, the ALJ had no need to conduct the DA&A analysis.

Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision should be affirmed.

Respectfully submitted,

RICHARD G. CALLAHAN
UNITED STATES ATTORNEY


 s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN #52836
Assistant United States Attorney
111 South 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2777 FAX

OF COUNSEL
Kristi A. Schmidt
Chief Counsel, Region VII
Social Security Administration

By
TERESA J. STREMEL, MO Bar #23925
Assistant Regional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Karen Kraus Bill, Attorney for Plaintiff, 1900 North Providence Road, Suite 315, Columbia, Missouri 65202.

s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN #52836
Assistant United States Attorney